UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| EXCEL ENTERPRISES, LLC, | ) | |
| | ) | |
| Plaintiff and Counter-Defendant, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16-cv-19-WCL-MGG |
| | ) | |
| WINONA PVD COATINGS, LLC, | ) | |
| | ) | |
| Defendant and Counter Plaintiff. | ) | |

**OPINION AND ORDER**

On November 15, 2016, Defendant, Winona PVD Coatings, LLC ("Winona"), filed its Motion to Reconsider Court's Order, Dated November 8, 2016; and Motion for a Telephonic Conference. Plaintiff, Excel Enterprises, LLC ("Excel"), filed its brief in opposition to Winona's motion on November 23, 2016. Winona's motion became ripe on November 30, 2016, when its reply brief was filed.

**I.　RELEVANT BACKGROUND**

The Court's order dated November 8, 2016, resolved Excel's second motion to compel filed on July 28, 2016. Excel's motion to compel was based upon its allegation that Winona's production of 30,000 documents responsive to Excel's discovery requests were deficient in multiple ways. On July 20, 2016, before filing the motion to compel, Excel's counsel informed Winona's counsel that the documents were not searchable and identified the format for the documents it preferred. In response, Winona converted all of its responsive documents to Excel's preferred format and delivered them to Excel in the requested format on July 28, 2016.

On the same day, Excel filed its motion to compel alleging, among other things, that Winona had not complied with the production requirements set forth in Fed. R. Civ. P.

34(b)(2)(E)(i), which requires parties to produce documents responsive to requests for production "as they are kept in the usual course of business" or to "organize and label them to correspond to the categories in the request." Excel argued that Winona's documents were not presented as they were kept in the usual course of business and therefore asked the Court to compel Winona to organize and label the documents to clarify which document responded to which specific discovery request.

The Court ultimately granted this part of Excel's motion because Winona's assertion that it produced the requested documents as they were kept in the ordinary course of business was not sufficiently supported with appropriate evidence. Without such evidence, the Court concluded that the disjunctive requirements of Rule 34(b)(2)(E)(i) required the organization and labeling of the documents requested by Excel. Accordingly, the Court ordered Winona "to supplement its production to identify by Bates Numbers which documents were produced in response to which specific discovery requests by November 15, 2016." [DE 52 at 8–9].

Through the instant motion to reconsider, Winona now presents additional evidence in an attempt to show that its production complies with Rule 34(b)(2)(E)(i). Specifically, Winona attached an affidavit from its Director of Information Technology, Mark Hohulin, in an attempt to show that Winona produced the responsive electronic documents as they are kept in the ordinary course of its business. In his affidavit, Hohulin summarizes in detail the e-discovery procedures Winona used to identify and produce the 30,000 documents responsive to Excel's discovery requests. [DE 55-1 at 1–3]. Hohulin then asserts that "[t]o [his] knowledge, other than the exclusion of irrelevant documents based on Winona's targeted search queries, the [responsive documents and data] that was sent by Winona to [Winona's counsel] was not

modified or reorganized in any fashion, and was produced as it was kept in the usual course of Winona's business." [DE 55-1 at 3, ¶ 9].

In addition to submitting Hohulin's affidavit, Winona argues that the 30,000 documents "contained key identifying information for each document, including a custodial field (which indicates the custodial origin of each document), file type, file name, e-mail to, e-mail from, date sent, and date received." [DE 55 at 4]. Relying upon Hohulin's affidavit, the identifying information included with each document, and Winona's conversion of the 30,000 documents into the searchable format requested by Excel, Winona contends that it has complied with Rule 34(b)(2)(E)(i) such that its production is complete and does not prejudice Excel. As a result, Winona asks the Court to vacate the part of its November 8, 2016, order requiring supplemental production to match each document to one of Excel's specific discovery requests.

Excel objects arguing that Hohulin's affidavit fails to explain how the documents were stripped of their metadata and converted to unsearchable .pdf and .tiff files before the initial production. In addition, Excel contends that Hohulin's affidavit fails to establish that Winona keeps its emails and other electronically stored information in .pdf or .tiff format with no associated metadata in its ordinary course of business. Accordingly, Excel asks the Court to deny Winona's motion to reconsider so as to ensure that Winona's production complies with Rule 34(b)(2)(E)(i) as the Court originally ordered on November 8, 2016.

## II.    ANALYSIS

Because district courts have the inherent power to reconsider interlocutory orders, the reconsideration of such orders is committed to a court's sound discretion. *See Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993) (noting the "practically unbridled discretion of a district court to reconsider a previous interlocutory order."). Thus, the

considerations governing the reconsideration of interlocutory orders are essentially equitable in nature. *See Atchley v. Heritage Cable Vision Assocs.*, 926 F. Supp. 1381, 1383 (N.D. Ind. 1996) ("Interlocutory judgments are . . . subject to the complete power of the court rendering them to afford such relief as justice requires."); *Akzo Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1160 (N.D. Ind. 1995) ("[A] motion to reconsider an interlocutory order may be entertained and granted as justice requires.").

The crux of Winona's motion to reconsider is that its production complies with the requirements set forth in Fed. R. Civ. P. 34(b)(2)(E)(i), which provides that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request . . . ." To show that it produced documents as they were kept in the ordinary course of business, a producing party cannot simply assert that the format of its production comports with its usual business practices. A producing party must also show the way in which the documents were produced did not change from how they were kept in the usual course of business. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 363 (N.D. Ill. 2005); *see also Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 618 (D. Kan. 2005).

In responding to Excel's second motion to compel, Winona had the opportunity to present evidence that it produced the 30,000 documents as they were kept in the usual course of its business. Winona's attempt to so demonstrate was determined to be deficient to such an extent that the Court ordered Winona to comply with the other option under Rule 34(b)(2)(E)(i)—organizing and labeling the 30,000 documents to correspond to the categories in Excel's discovery requests. By submitting Hohulin's affidavit with the instant motion to reconsider, Winona is seeking a second bite at the apple without offering any explanation for

why the affidavit was not presented before. Similarly, Winona now seeks further consideration based on the "key identifying information [included in] each [of the 30,000] document[s it produced], including a custodial field (which indicates the custodial origin of each document), file type, file name, e-mail to, e-mail from, date sent, and date received." [DE 55 at 4]. Yet again, Winona knew about this identifying information at the time it briefed Excel's motion to compel but failed to explain why it did not direct the Court's attention to it at that time. As such, the Court has no compelling reason to reconsider whether the 30,000 documents were produced as Winona kept them in the usual course of their business.

Even if the Court chose to reconsider the question of whether Winona met the "usual court of business" prong of Rule 34(b)(2)(E)(i), Winona could not succeed. Hohulin's affidavit clearly describes the process Winona used to produce its responsive documents to Excel, but provides no explanation of how the responsive documents were kept in the ordinary course of Winona's business. [DE 55-1 at 1–3]. As a result, Hohulin's affidavit cannot persuade the Court that the way in which Winona's responsive documents were produced did not change from how they were originally kept. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 363.

In addition, the identifying information on Winona's documents, as now reported, does not alone establish how Winona's documents were originally kept. To show how its documents were originally kept, Winona would have to, at a minimum,

> provide information about each document which ideally would include, in some fashion, the identity of the custodian or person from whom the documents were obtained, an indication of whether they are retained in hard copy or digital format, assurance that the documents have been produced in the order in which they are maintained, and a general description of the filing system from which they were recovered.

5

*Venture Corp. Ltd. v. Barrett*, No. 5:13-CV-03384-PSG, 2014 WL 5305575, at *3 (N.D. Cal. Oct. 16, 2014) (internal quotations and citations omitted)[1]. Winona's identifying information may show custody of the documents and even the original format of the document. It does not, however, assure anyone that the documents were produced in the order in which they were maintained or generally describe the filing system from which they were recovered.

Without sufficient evidence that Winona has satisfied the "usual course of business" prong, the Court could still require Winona to fulfill its Rule 34(b)(2)(E)(i) obligations by supplementing its production by organizing and labeling the documents to match up to Excel's discovery requests particularly. Yet Winona's one last argument in favor of reconsidering the Court's "organize and label" directive is persuasive. Winona contends that "Excel has yet to offer any argument or evidence that it has suffered prejudice as a result of Winona's production." [DE 63 at 3]. Winona is correct. Through both its second motion to compel and its objection to the instant motion to reconsider, Excel has merely asked the Court to hold Winona to the form of Rule 34(b)(2)(E)(i) with no discussion of any adverse effect on Excel should the Court deem Winona's current production of 30,000 documents, in the format explicitly requested by Excel and with important identifying information, complete.

As this Court stated in the order at issue in the instant motion to reconsider, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

---

[1] Notably, both Winona and Excel cite this case in support of its competing perspectives on whether Winona's evidence is sufficient to establish that Winona produced its responsive documents as they were kept in the usual course of business under Rule 34(b)(2)(E)(i). [DE 55 at 5; DE 62 at 5]

burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). In that context, district courts have broad powers to manage discovery in their cases. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002); *see also* Fed. R. Civ. P. 26(b)(2)(C)(iii); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998).

Excel's failure to demonstrate any prejudice from the current state of Winona's production brings into question whether the organization and labeling of Winona's 30,000 documents is proportional to the needs of this case. Excel's demand for strict compliance with Rule 34(b)(2)(E)(i) amounts to a form-over-substance argument. As such, the cost and time Winona would expend to organize and label the 30,000 responsive documents at this time would pose a burden that outweighs the potential benefit of the exercise to Excel. The balance also tips in favor of Winona here because Excel does not dispute that Winona supplemented its production after converting its 30,000 documents to the searchable format Excel itself requested. Moreover, Excel's objection to Winona's instant motion reads more like a motion for sanctions for Winona's original, unsearchable production rather than a reasonable request for organization and labeling of the supplemental production to ensure it gets a fair chance to litigate its claims against Winona. Therefore, the costs of organizing and labeling the documents, as this case is ready to proceed to the dispositive motion stage of litigation, create a burden on Winona that outweighs benefits Excel has not disclosed.

### III.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Winona's motion to reconsider. [DE 55]. Winona's production of the 30,000 documents at issue in the instant motion is complete. Winona need not identify by Bates Numbers which documents were produced in response to

which specific discovery requests as ordered by this Court on November 8, 2016.  [DE 52].

All other aspects of the Court's November 8, 2016, order remain in full effect.  [DE 52].

**SO ORDERED.**

Dated this 17th of February, 2017.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
